**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRIGIDO ADAN HERRERA TORRES,** **Petitioner,** | § § § | |
| **v.** | § | **EP-26-CV-01159-DB** |
| | § | |
| **MARY DE ANDA-YBARRA**, *Field Office Director of Enforcement and Removal Operations El Paso Field Office, Immigration and Customs Enforcement, et al.,* **Respondents.** | § § § § § § § | |

**ORDER**

On this day, the Court considered the above-captioned case. On April 21, 2026, Petitioner Brigido Adan Herrera Torres ("Petitioner") filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("Petition"). ECF No. 1. On April 27, 2026, Respondents filed a response. ECF No. 4. Petitioner is a native and citizen of Guatemala, who entered the United States on or around January 8, 2016. ECF No. 1 at 1, 3. Petitioner was first encountered by immigration officials in 2024 but was released on his own recognizance. ECF No. 10 at 4. Petitioner was later taken into custody on January 22, 2025, during a check-in appointment. *Id.* at 3–4. On March 5, 2025, Petitioner was provided with a bond hearing before an Immigration Judge ("IJ"). *Id.* at 5. During the hearing, the IJ denied bond based on findings of danger and flight risk. *Id.* at 5; *see* ECF No. 10-4; ECF No. 10-5. Petitioner appealed the IJ's decision, which was affirmed by the Board of Immigration Appeals ("BIA") on September 2, 2025. *See* ECF No. 10-6. On July 10, 2026, Petitioner was ordered removed by an IJ. ECF No. 22 at 1. Petitioner timely appealed to the BIA. *Id.* His appeal remains pending. *Id.*

Petitioner has now been held in pre-final order custody for over twenty-one months. Petitioner alleges his detention without further individualized justification has become

unreasonably prolonged in violation of his Fifth Amendment due process rights. ECF No. 1 at 9. On September 30, 2026, the Court issued an order for supplemental briefing on the issue of prolonged detention. *See* ECF No. 16. Both Petitioner and Respondents submitted briefing thereto. *See* ECF Nos. 21, 22.

Respondents maintain that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an "applicant for admission," ECF No. 22 at 1. Pursuant to Section 1225, all noncitizens present in the United States without having been admitted or paroled are considered "applicants for admission" and are subject to mandatory detention for the duration of their removal proceedings. 8 U.S.C. §§ 1225(a)(1), (b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502 (5th Cir. 2026). Section 1225(b)(2)(A) applies to noncitizens regardless of whether they are detained at the border or in the interior of the United States. *Buenrostro-Mendez*, 166 F.4th at 504. Further, the Fifth Circuit squarely held that applicants for admission do not have a due process right "entitl[ing] them to a bond hearing to assess dangerousness or flight risk . . . ." *Sosnava Rodriguez v. Vergara*, --- F.4th ----, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026). Furthermore, "[s]o long as [a noncitizen]'s detention pending removal ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (citations and internal quotation marks omitted). However, "an issue may arise if the Government continues to detain an alien after it becomes clear that removal is only a remote possibility," or the Government delays removal as "as a means of punishment." *Id.*

Here, Petitioner does not dispute that he is an "applicant for admission" within the meaning of 8 U.S.C. § 1225. *See generally* ECF No. 21. Petitioner also concedes that his

detention has an apparent termination point (*i.e.*, adjudication of his appeal before the BIA). *See id.* at 4. Respondents add that Petitioner's detention "will end when his removal proceedings are concluded," and that once Petitioner's order of removal becomes administratively final, "he will be removed as expeditiously as possible, ending his detention." *Id.* at 1–2. Based on these facts, the Court concludes that Petitioner's detention has not become impermissibly prolonged as there is no evidence suggesting Respondents are delaying removal "as a means of punishment" or that Petitioner's removal has become only a "remote possibility." *Sosnava Rodriguez*, 2026 WL 3181188, at *13.

Accordingly, **IT IS HEREBY ORDERED** Petitioner Brigido Adan Herrera Torres's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, is **DENIED.**

**IT IS FURTHER ORDERED** that all pending motions in this case are **DENIED AS MOOT**.

**SIGNED this 9th day of November, 2026.**

**For THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**